UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GIDEON JOHN DOUGLAS FALCONE,

    Petitioner,

v.

PATRICIA BARNHART,

    Respondent,
_____/

Civil No. 2:09-CV-13816
HONORABLE GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

Gideon John Douglas Falcone, ("Petitioner"), confined at the Thumb Correctional Facility in Lapeer, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence for one count of first-degree criminal sexual conduct, M.C.L.A. 750.520b; and one count of second-degree criminal sexual conduct, M.C.L.A. 750.520c. For the reasons stated below, the petition for writ of habeas corpus is **DENIED**.

### I. Background

Petitioner was charged with multiple counts of first and second-degree criminal sexual conduct which took place when he was fourteen years old. Following a hearing in the Berrien County Trial Court Family Division, petitioner was waived over to the Berrien County Circuit Court to stand trial as an adult on

1

the charges. Petitioner pleaded guilty to the above charges as part of a plea agreement with the Berrien County Prosecutor. Petitioner was sentenced to two hundred and eighty five months to eighty years in prison on the first-degree criminal sexual conduct conviction and one hunded months to fifteen years in prison on the second-degree criminal sexual conduct conviction.

Petitioner's conviction and sentence was affirmed on appeal. *People v. Falcone,* No. 285871 (Mich.Ct.App. July 21, 2008); *lv. den.* 482 Mich. 1071; 757 N.W. 2d 478 (2008).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

> I.Defendant was denied the effective assistance of counsel at the Phase II hearing when trial counsel failed to call any witnesses and/or present any argument against the waiver to the circuit court and failed to appeal the waiver.
>
> II. Defendant is entitled to resentencing because the statutory sentencing guidelines were mis-scored as to the offense variables, which affected the statutory sentencing guidelines range.

## II.  Standard of Review

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides a standard of review for habeas petitions brought under 28 U.S.C. § 2254:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless

2

> the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

When a state court fails to adjudicate a habeas petitioner's claim on the merits, federal habeas review is not subject to the deferential standard contained in § 2254(d) and a federal court is required to review that claim *de novo. See Cone v. Bell,* 129 S. Ct. 1769, 1784 (2009); *See also McKenzie v. Smith,* 326 F. 3d 721, 726 (6th Cir. 2003). The Michigan Court of Appeals and the Michigan Supreme Court denied petitioner's applications for leave to appeal by form order. In this case, "there are simply no results, let alone reasoning, to which this court can defer. Without such results or reasoning, any attempt to determine whether the state court decision 'was contrary to, or involved an unreasonable application of clearly established Federal law,' 28 U.S.C. § 2254(d)(1), would be futile." *McKenzie,* 326 F. 3d at 727.

### III. Discussion

**A. Claim # 1. The ineffective assistance of trial counsel claim.**

Petitioner first claims that his trial counsel was ineffective for failing to present witnesses at the Phase II hearing in the Berrien County Family Court to determine whether petitioner should be tried as an adult, for failing to offer any

3

argument in opposition to the waiver, and for failing to appeal the juvenile court waiver in the circuit court.

An unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Pre-plea claims of ineffective assistance of trial counsel are considered nonjurisdictional defects that are waived by a guilty or *nolo contendere* plea. *See United States v. Stiger,* 20 Fed. Appx. 307, 309 (6th Cir. 2001); *Siebert v. Jackson,* 205 F. Supp. 2d 727, 733-34 (E.D. Mich. 2002)(habeas petitioner's claims regarding alleged deprivations of his constitutional rights that occurred before his guilty plea, as a result of his trial counsel's alleged ineffective assistance, were foreclosed by his guilty plea, where he stated at plea that he was satisfied with counsel's representation, and he did not complain of counsel's advice concerning plea agreement)*. See also Trombley v. Anderson,* 584 F. 2d 807, 808 (6th Cir. 1978)(habeas petitioner waived claim that he had been denied assistance of counsel at juvenile hearing by subsequently pleading guilty in adult court).

Moreover, petitioner is unable to show that he was denied the effective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This

requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Id.* at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

With respect to the performance prong, a habeas petitioner must identify those acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance on the part of counsel. *See Gardner v. Kapture*, 261 F. Supp. 2d 793, 803-04 (E.D. Mich. 2003)(*quoting Strickland,* 466 U.S. at 690). A reviewing court's scrutiny of counsel's performance is highly deferential. *Strickland,* 466 U.S. at 689. Counsel is strongly presumed to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

To satisfy the prejudice prong under *Strickland*, a habeas petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Gardner,* 261 F. Supp. 2d at 804 (*quoting Strickland,* 466 U.S. at 694). A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.*

Petitioner does not specify which witnesses or evidence should have been presented at the juvenile waiver hearing by counsel. To establish a reasonable

5

probability that, but for counsel's unprofessional errors, the result of proceeding would have been different, a habeas petitioner must make more than merely speculative assertions. *See Bowen v. Foltz,* 763 F. 2d 191, 194 (6th Cir. 1985). Petitioner has offered, neither to the Michigan courts or to this Court, any evidence regarding the names of proposed witnesses or what the content of the witnesses' testimony would have been. In the absence of such proof, petitioner is unable to establish that he was prejudiced by counsel's failure to call witnesses to testify at his juvenile waiver hearing, so as to support his ineffective assistance of counsel claim. *See Clark v. Waller,* 490 3d 551, 557 (6th Cir. 2007).

Petitioner has also failed to show that counsel was ineffective with respect to objecting to the waiver to adult court. Petitioner, by his own admission, indicates that defense counsel opposed the waiver of petitioner to adult court based upon the criteria used under Michigan law for determining whether a juvenile should be tried as an adult.(Tr. 10/23/2007, pp. 75-77).

More importantly, petitioner was charged with numerous sexual assaults against several minor victims, which he committed while he was on probation for a prior sexual assault conviction against a minor. In light of the severity of the offenses that petitioner was convicted of, as well as his prior record, petitioner is unable to show that he was prejudiced by counsel's failure to object to the waiver or to appeal that waiver to the circuit court, because the waiver of his case to the circuit court would most likely have been upheld. *See e.g. Spytma v.*

6

*Howes,* 313 F.3d 363, 372 (6th Cir. 2002)(Juvenile defendant could not show that he was prejudiced by defense counsel's alleged deficient performance in failing to object to juvenile court's lack of specific statutory findings at transfer hearing in determining that defendant was required to be transferred to adult court, in murder prosecution, barring ineffective assistance claim on that basis; if court had ordered another transfer hearing on appeal, and specific findings were made, it was likely that defendant would have been transferred to adult court, in light of nature of offense). Petitioner is not entitled to habeas relief on his first claim.

**B. Claim # 2. The sentencing claim.**

Petitioner next claims that the trial court improperly scored his sentencing guidelines range by using factors that had not been submitted to a jury and proven beyond a reasonable doubt or conceded to by petitioner.

Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003); *See also Adams v. Burt,* 471 F. Supp. 2d 835, 844 (E.D. Mich. 2007). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating his

guideline score or in departing above his sentencing guidelines range alone would not merit habeas relief. *Id.*

Petitioner further argues that the trial court judge violated his Sixth Amendment right to a trial by jury by using factors to score his sentencing guidelines that had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by petitioner. Petitioner believes that *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), support his position.

The holdings in *Apprendi* and *Blakely* do not apply to judicial factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum. *See Chontos v. Berghuis,* 585 F. 3d 1000, 1002 (6th Cir. 2009); *See also Montes v. Trombley,* 599 F.3d 490, 495 (6th Cir. 2010)(the *Blakely-Apprendi* rule requiring any fact that increases the penalty for a crime beyond the prescribed statutory maximum to be submitted to a jury and proved beyond a reasonable doubt does not apply to laws that set the maximum sentence by statute but that permit a judge to determine the minimum sentence through judicial factfinding, and does not preclude a judge from utilizing the preponderance-of-the-evidence standard when finding facts related to sentencing). The claim that Michigan's sentencing guideline system, wherein judge-found facts are used to establish the minimum sentence of an indeterminate sentence, violates the Sixth Amendment has been foreclosed by

8

the Sixth Circuit's decision in *Chontos, supra* at 1002 ("[The petitioner] argues that the Michigan trial judge violated *Apprendi* by finding facts that raised his minimum sentence. But *Harris v. United States* tells us that *Apprendi'* s rule does not apply to judicial factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum."). Because Michigan's sentencing laws create an indeterminate-sentencing scheme, it does not violate petitioner's due process rights or his right to a jury trial. *Montes,* 599 F. 3d at 497. Petitioner is not entitled to habeas relief on his *Blakely* claim. *Id.*

    **C. The reply brief.**

In his reply brief, petitioner for the first time appears to be raising an additional claim that was not raised in his initial habeas petition, nor raised in his appeal before the Michigan appellate courts, namely, a claim that trial counsel was ineffective for failing to object to prosecutorial misconduct at sentencing. A traverse or reply to an answer to a petition for writ of habeas corpus is not the proper pleading for a habeas petitioner to raise additional grounds for relief. *Burns v. Lafler,* 328 F. Supp. 2d 711, 724 (E.D. Mich. 2004). "[A] court cannot consider new issues raised in a traverse or reply to the State's answer." *Id.* Because this claim is being presented for the first time in petitioner's reply brief, rather than in his habeas petition, this Court declines to address this claim, because it is not properly before this Court. *See Murphy v. Ohio*, 551 F. 3d 485, 502 (6th Cir. 2009); *cert. den*. 130 S. Ct. 397 (2009); *See also Tyler v. Mitchell,*

416 F. 3d 500, 504 (6th Cir. 2005).

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. Jurists of reason would not find this Court's resolution of petitioner's claims to be debatable or that he should receive encouragement to proceed further. *Myers v. Straub,* 159 F. Supp. 2d 621, 629

(E.D. Mich. 2001). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

Dated: August 5, 2010

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 5, 2010, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk